ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JOSÉ C. ROMÁN RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>ERS HOUSING ADMINISTRATION SERVICES, INC.<br><br>Recurrido | TA2026RA00115 | Recurso de Revisión Procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: SAN-2025-0020908<br><br>Sobre: Agencia de Cobro |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda De Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparece José C. Román Rodríguez (señor Román Rodríguez o recurrente) por derecho propio y mediante recurso de *Revisión Judicial* presentado el 16 de marzo de 2026. Este nos solicita que dejemos sin efecto la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo) el 12 de febrero de 2026. Mediante el referido dictamen, DACo desestimó la *Querella* presentada por el recurrente.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

## I.

**El expediente ante nos se encuentra incompleto, por lo que los hechos a continuación surgen de la *Resolución* recurrida emitida por el DACo**. El 6 de diciembre de 2024, el recurrente presentó la *Querella* del epígrafe por derecho propio. Allí, alegó que ERS Housing Administration Services (ERS Housing o recurrido) llevó a cabo gestiones de cobro sin autorización; que falsificó su firma en un documento de acuse de recibo de carta de cobro; que no notificó la deuda reclamada mediante una carta

formal de cobro; y que violó la Reglas 16 y 17 del Reglamento Núm. 6451 de DACo, mejor conocido como el "Reglamento sobre Agencias de Cobros". El 10 de abril de 2025, el recurrido contestó la *Querella* en la cual negó todas y cada una de las alegaciones contenidas en la misma. Posteriormente, el recurrente presentó *Querella Enmendada* la que también fue oportunamente contestada por el recurrido.

Luego de varios incidentes procesales, incluyendo la solicitud de recusación presentada por el señor Román Rodríguez por supuestos conflictos de interés o parcialidad en contra de dos (2) jueces administrativos que fueron asignados para presidir y resolver la querella, así como múltiples solicitudes para la comparecencia de testigos, las cuales todas fueron declaradas "no ha lugar" por el DACo. El 20 de octubre de 2025, se comenzó la vista administrativa ante la Jueza Administrativa de la Oficina Regional de Ponce, Lcda. Sherly M. Rivera Gilbes, donde el señor Román Rodríguez compareció por derecho propio, mientras que ERS Housing fue representado por su abogado.

Según plantea el recurrido en su alegato en oposición, al comenzar la vista, este solicitó la desestimación sumaria de la querella al amparo de la Regla 10.1 del Reglamento 8034 del DACo, *infra*, por motivo que la querella ni su enmienda, justificaban la concesión de un remedio. El recurrido solicitó que el DACo, tomara conocimiento administrativo de una minuta sobre una vista celebrada el 6 de agosto de 2025, en el Caso Civil BY2025CV06883, sobre Cobro de Dinero, Tribunal de Primera Instancia de Bayamón donde se atendió previamente y se sostuvo la legalidad de la carta de interpelación enviada al señor Román Rodríguez por ERS Housing actuando como agencia de cobros de

la Asociación de Propietarios de San Rafael Estates, Inc.[1] El DACo tomó conocimiento de la referida minuta en el Caso Civil BY2025CV06883 y determinó que las dos (2) alegaciones de la querella en cuanto a la legalidad de la carta de interpelación habían sido atendidas previamente por el Tribunal de Primera Instancia y resultaba innecesario que dicho foro administrativo entendiera en las mismas.

Asimismo, el recurrido alega que el señor Román Rodríguez en dicha vista insistió en que ellos tenían que probar la legalidad de la carta de interpelación enviada, a lo cual la Jueza Administrativa le aclaró que el peso de la prueba sobre la ilegalidad de dicha carta recaía sobre el querellante. Ante ello, el señor Román Rodríguez solicitó un receso de cinco (5) minutos y la Jueza Administrativa le preguntó las razones, a lo que este contestó que se quería reunir con la Directora Regional del DACo en San Juan. La Jueza Administrativa no concedió lo solicitado por el recurrente, a lo que este le pidió en tono grosero y amenazante su inhibición alegando actos de prevaricación y que le estaba violando el debido proceso de ley. La Jueza Administrativa dio por terminada la vista debido a la conducta desordena e irrespetuosa del querellante y a la falta de control de sus emociones.[2]

El 29 de enero de 2026, la Jueza Administrativa, mediante *Orden*, señaló la continuación de la Vista Administrativa para el 6 de marzo de 2026 y le reiteró al recurrente que debía comparecer representado por abogado y se le advirtió que, de no comparecer a través de representación legal, se le podrían imponer sanciones incluyendo la desestimación de la querella.[3] El 30 de enero de 2026, el recurrente le envía a la Jueza Administrativa y le copia a

---

[1] Entrada #5, Anejo 2 "Minuta Vista 6 de agosto de 2025" del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).
[2] Véase, Entrada #5 "Alegato en Oposición de la Parte Recurrida" de SUMAC TA; Entrada #5, Anejo 3 "Orden DACO Querella 0020908"de SUMAC TA.
[3] Entrada #5, Anejo 3 "Orden DACO Querella 0020908"de SUMAC TA.

ERS Housing Administration dos (2) correos electrónicos donde le advierte a la Licenciada Rivera Gilbes que la Orden dictada 29 de enero de 2026, no es válida y que no será acatada.[4] Además, de incluir en los mismos alegaciones difamatorias que atentan contra la dignidad y la reputación tanto de la Jueza Administrativa como del abogado del recurrido. En específico, el señor Román Rodríguez escribió en uno de los correos electrónicos lo siguiente:

> Sra. sherly [sic] Rivera, de usted no inhibirse en este caso voay (sic) a usar las redes sociales para que todo Puerto Rico conozca sus intenciones para que se entere la gente de sus acciones antiéticas tenga dignidad si usted tiene una necesidad enfermiza de venganza. Descargue contra otra persona le advierto de usted no inhibirse acudiré a dichas rede sociales. Le voy a dar 10 días para que se inhiba de no hacerlo acudiré a los medios para eseponertle [sic] sus acciones antiéticas.[5]

El 3 de febrero de 2026, el señor Román Rodríguez radicó *Moción Solicitando Inhibición de Jueza Administrativa, Nulidad de Orden y Entrega de Grabación de Vista*. Allí, alegó que la jueza permaneció en sala discutiendo el caso y que había manifestado que resolvería la controversia a favor de ERS Housing. El DACo escuchó la grabación de la vista, de lo cual surge que las manifestaciones del recurrente en su moción son contrarias a la verdad de los sucesos acontecidos en sala.

Así las cosas y luego de transcurridos varios incidentes procesales adicionales, el 12 de febrero de 2026, el DACo emitió una *Resolución* donde desestimó la *Querella* del epígrafe. En ese dictamen, indicó, entre otras cosas, que las actuaciones del señor Román Rodríguez y sus múltiples solicitudes de inhibición redundan en el entorpecimiento de la búsqueda de la verdad y son contrarias al decoro y respeto con las que las partes deben conducirse ante un foro administrativo. Asimismo, que las tácticas dilatorias de este y su reiterado incumplimiento con las ordenes

---

[4] Entrada #5, Anejo 1 "Correos Electrónicos del querellante-recurrente" de SUMAC TA.
[5] Íd.

administrativas, no han permitido que el caso pueda dilucidarse y llegar a atender sus méritos para su adjudicación. A esos efectos, el DACo manifestó lo siguiente:

> [El recurrente] solicitó, a su vez, la inhibición de cinco (5) jueces administrativos asignados al caso.
>
> En el caso SAN-2022-0012506, el querellante solicitó la inhibición de la Jueza Administrativa Lcda. Lymarie Rivera, y realizó serias imputaciones éticas contra la entonces Directora Regional de San Juan, Lcda. Mildred López Pérez, por lo que el caso fue traslado a la Oficina Regional de Caguas. El querellante incumplió con la Orden emitida por el Juez Administrativo de Caguas. El 1 de diciembre de 2023, el Juez Administrativo emitió una Orden en la cual requirió a las partes mantener respeto, deferencia y decoro en la presentación de sus escritos. Además, decreto que el querellante cesara y desistiera del envío de correos electrónicos a funcionarios del DACO
>
> A pesar del apercibimiento, el 3 de enero de 2024, el querellante incumplió la Orden emitida por el DACO, pues remitió nuevamente un correo electrónico al funcionario. El 9 de enero de 2024, el querellante quebrantó de nuevo la orden al enviar al juez administrativo un correo electrónico En consecuencia, el 29 de enero de 2024, DACO emitió una Resolución, ordenando el cierre y archivo de la querella, por el reiterado incumplimiento del querellante con la Orden. El querellante presentó un recurso de Revisión Judicial, que fue desestimado por falta de jurisdicción.
>
> De lo antes expuesto, es evidente el patrón de desobediencia del querellante a las órdenes del Departamento y continuas solicitudes infundadas y maliciosas de inhibición de los jueces administrativos, cuando no está de acuerdo con sus órdenes o con el manejo del caso. ...[6]

Además, el DACo explicó que la alegación presentada en la *Querella* del epígrafe fue objeto de una Resolución de DACo en el caso BA11299. Este indicó que, en esa querella, luego de varios incidentes procesales, entre los cuales figuran la inhibición de algunos de sus jueces administrativos, DACo emitió Resolución Sumaria el 26 de diciembre de 2019. En su resolución, DACo ordenó el cierre y archivo de la querella presentada bajo el fundamento de que el recurrente se limitó a cuestionar la relación contractual existente entre ERS Housing y la Asociación de Residentes de la Urbanización San Rafael Estate. La Resolución

---

[6] Entrada #5, Anejo 3 "Orden DACO Querella 0020908"de SUMAC TA, pág. 14.

fue objeto de Revisión Judicial por parte del recurrente ante el Tribunal de Apelaciones, en el caso KLRA202000102, el cual desestimó el recurso de revisión presentado. Por tanto, DACo resolvió que esa Resolución es final y firme, y constituye cosa juzgada.

Por último, conforme a la prueba testifical y documental admitida y a la totalidad del expediente administrativo, el DACo formuló las siguientes determinaciones hechos:

### DETERMINACIONES DE HECHOS

1. La parte querellante se identifica como José C. Román Rodríguez, residente de Bayamón, Puerto Rico, en adelante, el querellante

2. La parte querellada ERS Housing Administration Services, Inc. es una corporación doméstica activa, conforme surge del Registro de Corporaciones del Departamento de Estado, y que opera como agencia de cobros, con licencia activa del Departamento de Asuntos del Consumidor.

3. El 6 de diciembre de 2024, el querellante radicó una querella ante el Departamento alegando que la querellada llevo a cabo gestiones de cobro sin autorización; que falsificó su firma en un documento de entrega de recibo de carta de cobro: que no notificó la alegada deuda mediante una carta formal de cobro y que violó los artículos 16 y 17 del Reglamento 6451 de DACO, que regula las agencias de cobro.

4. El 24 de marzo de 2025, la agencia notificó la querella a la querellada, concediéndole un término de veinte (20) días para que contestara la misma. El 10 de abril de 2025. la parte querellada, por conducto de su abogado, Lcdo. Agustín Mangual Amador, radicó Contestación a la Querella, negando cada una de las alegaciones.

5. Como parte del trámite administrativo, el Departamento señaló vista administrativa y emitió órdenes dirigidas a adelantar la resolución del caso. No obstante, del expediente administrativo surge que el querellante ha incurrido en una conducta reiterada que ha tenido el efecto de dilatar indebidamente el proceso adjudicativo. Las practicas dilatorias del querellante, quien ha solicitado la inhibición de todos los jueces administrativos asignados al caso, constituyen un abuso del derecho que no permite adjudicar este caso.

6. En particular, el querellante ha solicitado de manera reiterada e injustificada la inhibición de los jueces administrativos asignados al caso, sin alegar ni demostrar causa válida, conflicto de interés real o apariencia de parcialidad que justifique tal remedio extraordinario.

7. La solicitud de inhibición de un Juez Administrativo no puede utilizarse como mecanismo dilatorio ni como estrategia para entorpecer el curso normal de los

procedimientos. conforme a los principios de economía procesal, buena fe y debido proceso de ley.

8. Escuchada la grabación de la vista administrativa celebrada el 20 de octubre de 2025, no existe ningún fundamento para que la Jueza Administrativa Lcda. Sherly Rivera Gilbes se inhiba del caso. En todo momento, y así surge de la grabación, la funcionaria se comportó de manera respetuosa, tanto con el querellante, como con el abogado de la parte querellada.

9. En la Moción Solicitando Inhibición de la Jueza Administrativa, la querellante falta a la verdad. Contrario a lo que éste alega, no se limitó su oportunidad de refutar la evidencia presentada por el abogado de la parte querellada.

10. Durante la vista administrativa, a solicitud de la parte querellada, la Jueza Administrativa tomó conocimiento oficial de una minuta emitida por el Tribunal de Bayamón, como parte del caso de cobro de dinero presentado por la parte querellada contra el querellante. La determinación de la Jueza Administrativa de tomar conocimiento oficial de la minuta fue una conforme a derecho.

11. Luego de la salida del querellante de la sala de vistas. lo cual no fue autorizado por la Jueza Administrativa, la grabación de la vista no se detuvo, por lo que resulta totalmente falso aseverar que la funcionaria permaneció en sala discutiendo asuntos del caso en ausencia del querellante.

12. De la grabación de la vista administrativa claramente surge que la jueza continuó vertiendo para el récord los incidentes ocurridos hasta el momento en que el querellante regreso a la sala.

13. De la grabación integra de la vista, surge que es totalmente falso y libeloso lo alegado por el querellante, de que, al regresar a la sala, pudo escuchar manifestaciones de la jueza indicando que el caso estaba resuelto a favor de la parte querellada. Nótese que apenas transcurrió 1 minuto y 8 segundos desde que el querellante abandonó la sala hasta que regresó. El querellante no presentó ninguna evidencia de que empleados de la agencia hayan escuchado las alegadas manifestaciones de la Jueza Administrativa, las cuales, reiteramos, no existieron. El querellante no cumplió con los requisitos de inhibición, conforme lo establece nuestro ordenamiento jurídico.

14. Las actuaciones del querellante evidencian un patrón de conducta temeraria y dilatoria que atenta contra la sana administración de la justicia administrativa y que perjudica el manejo eficiente de los recursos del Departamento.

15. DACO tiene la facultad de desestimar una querella cuando la parte querellante actúa de forma abusiva del proceso. dilata injustificadamente los procedimientos o incumple con los deberes mínimos de diligencia procesal.

16. La conducta del querellante atenta contra el respeto y decoro con la que deben conducirse las partes en un proceso administrativo, que es uno cuasi-judicial y no puede ser permitida.

17. Del expediente administrativa no surge que el querellante haya tenido alguna notificación inadecuada o que se le haya privado de su oportunidad a ser sido durante el procedimiento adjudicativo. DACO le proveyó todas las garantías del debido proceso de ley y "su día en corte".

Inconforme con el proceder del foro primario, el 16 de marzo de 2026, el recurrente acudió ante este Tribunal mediante recurso de *Revisión Judicial* y señala los siguientes errores:

**PRIMER ERROR: ERRÓ DACO AL DESESTIMAR LA QUERELLA SIN ADJUDICAR EL FONDO DE LA CONTROVERSIA.**

**SEGUNDO ERROR: ERRÓ DACO AL APLICAR LA DOCTRINA DE COSA JUZGADA BASADA EN EL CASO BA-11299, AÚN CUANDO DICHO PROCEDIMIENTO TERMINÓ POR FALTA DE JURISDICCIÓN.**

**TERCER ERROR: ERRÓ DACO AL DISPONER DEL CASO SIN CELEBRAR UNA VISTA ADJUDICATIVA CONFORME A LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME.**

**CUARTO ERROR: ERRÓ DACO AL REALIZAR DETERMINACIONES ADVERSAS SIN UNA VISTA EVIDENCIARIA PREVIA.**

**QUINTO ERROR: ERRÓ DACO AL EMITIR UNA RESOLUCIÓN QUE CONSTITUYE UNA ACTUACIÓN ARBITRARIA Y CAPRICHOSA.**

**SEXTO ERROR: ERRÓ EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR AL PERMITIR LA INTERVENCIÓN DEL LCDO. SAMUEL A SYLVA ROSAS EN LA DISCUSIÓN DEL CASO, CUANDO ÉSTE NO FUNGÍA COMO JUEZ ADMINISTRATIVO ASIGNADO PARA ADJUDICAR LA CONTROVERSIA, SIN[O] COMO DIRECTOR REGIONAL DE SAN JUAN DE LA AGENCIA, LO QUE PUEDE INTERPRETARSE COMO UNA INTROMISIÓN INDEBIDA EN EL PROCESO ADJUDICATIVO.**

De otro lado, el 14 de abril de 2026, el ERS Housing presentó su *Alegato en Oposición de la Parte Recurrida.*

## II.

### A.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 et seq., establece el alcance de la

revisión judicial de las determinaciones de las agencias administrativas. La revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia fue dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. La LPAU es el estatuto que delimita el alcance de la revisión judicial de las decisiones administrativas ante el Tribunal de Apelaciones. Sec. 4.1 de la LPAU, 3 LPRA sec. 9671. Es decir, que únicamente puede presentarse un recurso de revisión judicial ante este Tribunal cuando exista una determinación final de una agencia administrativa. Íd.; OAM v. Abarca Health, 2025 TSPR 23, 215 DPR __ (2025).

Es norma reiterada que los procedimientos y las decisiones de los organismos administrativos están cobijados por una presunción de regularidad y corrección. Es decir, las determinaciones de hechos de una agencia tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. Otero v. Toyota, 163 DPR 716, 728 (2005); Henríquez v. Consejo Educación Superior, 120 DPR 194, 210 (1987).

No obstante, las conclusiones de derecho serán revisables en todos sus aspectos por el Tribunal. Sección 4.5 de la LPAU, 3 LPRA sec. 9675. Por ello, el tribunal revisor podrá intervenir con los foros administrativos cuando la decisión adoptada no está basada en evidencia sustancial, o ha errado en la aplicación de la ley, o cuando la actuación es arbitraria, irrazonable, ilegal o afecta derechos fundamentales. Jusino Rodríguez v. Junta de Retiro, 2024 TSPR 138, 215 DPR ___ (2024); Voilí Voilá Corp. et al. v. Mun. Guaynabo, 213 DPR 743, 754 (2024); Caribbean Communication v. Pol. de P.R., 176 DPR 978, 1006 (2009); JP, Plaza Santa Isabel v. Cordero Badillo, 177 DPR 177, 187 (2009).

Conforme a ello, la norma general es que las decisiones de las agencias administrativas deben ser consideradas con cierta deferencia por los tribunales apelativos, por razón de la experiencia y conocimiento especializado de éstas respecto a las facultades que se les han delegado. Katiria's Café v. Mun. de San Juan, 2025 TSPR 33, 215 DPR ___ (2025); Rolón Martínez v. Supte Policía, 201 DPR 26, 135 (2018); Borschow Hosp. v. Jta. de Planificación, 177 DPR 545, 566 (2009).

**B.**

El Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ____ (2025), regula el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 104 (2013). Entre los requisitos para perfeccionar el recurso apelativo, la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, establece lo siguiente:

.     .     .     .     .     .     .     .

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia. […].

A esos efectos, cuando la impugnación de las determinaciones de hechos se basa en la prueba oral desfilada, así como en la credibilidad que le mereció a la agencia administrativa, nuestro más alto foro local ha expresado que "[e]s imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la prueba". Camacho Torres v. AAFET, 168 DPR 66, 92 (2006). Al respecto, nuestro Tribunal Supremo explicó lo siguiente sobre la revisión judicial en ausencia de prueba oral:

> [E]n *García Fantauzzi v. Dir. Adm. Trib.*, 182 DPR 560 (2011) (Sentencia), resolvimos que el Tribunal de Apelaciones erró al revocar una determinación de hecho de la Junta de Personal de la Rama Judicial sin estar en posición de así hacerlo, pues "no tuvo el beneficio de examinar la transcripción de la prueba oral desfilada durante el proceso administrativo" y, "[p]or lo tanto, debía brindarle deferencia a la decisión administrativa". Íd., pág. 569. Véase, además, *Camacho Torres v. AAFET*, *supra*, pág. 92, donde expresamos que, en ausencia de la prueba oral, "difícilmente se podrá descartar la determinación impugnada". (Énfasis suprimido). Por lo tanto, es tarea de la parte interesada presentar al foro revisor la prueba oral bajo la que se pretende impugnar las determinaciones de una agencia administrativa. *Graciani Rodríguez v Garaje Isla Verde, supra,* págs. 129-130.

Así pues, se ha reiterado que el incumplimiento con las reglas de los tribunales apelativos impide que se puede llevar a cabo la revisión judicial. Cárdenas Maxán v. Rodríguez, 119 DPR 642, 659 (1987). De manera que, para salvaguardar las normas de derecho procesal apelativo, se debe cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante la consideración de un foro revisor. Soto Pino v. Uno Radio Group, 189 DPR 84 (2013); Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). Además, nuestro Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el

incumplimiento de éstas con las reglas procesales. Febles v. Romar, 159 DPR 714, 722 (2003).

Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Pino v. Uno Radio Group, *supra.* En consecuencia, procede la desestimación de un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". Pueblo v. Rivera Toro, 173 DPR 137 (2008).

### III.

En esencia, el recurrente alega que erró el DACo al desestimar la querella sin adjudicar el fondo de la controversia, así como aplicar la doctrina de cosa juzgada basada en un procedimiento que terminó por falta de jurisdicción. Además, sostiene que el mismo foro incidió al disponer del caso sin celebrar una vista adjudicativa conforme a la LPAU. Asimismo, aduce que, el DACo al permitir la intervención del Lcdo. Samuel A Sylva Rosas en la discusión del caso, cuando éste no fungía como Juez Administrativo asignado para adjudicar la controversia, sino como Director Regional de San Juan de DACo.

En la *Resolución* recurrida, el DACo resolvió, entre otras cosas, que las actuaciones del señor Román Rodríguez y sus múltiples solicitudes de inhibición redundan en el entorpecimiento de la búsqueda de la verdad y son contrarias al decoro y respeto con las que las partes deben conducirse ante un foro administrativo. Asimismo, que las tácticas dilatorias de este y su reiterado incumplimiento con las ordenes administrativas, no han permitido que el caso pueda dilucidarse y llegar a atender sus méritos para su adjudicación.

Además, el DACo explicó que la alegación presentada en la *Querella* del epígrafe fue objeto de una Resolución de DACo en el caso BA11299. De esa Resolución, el recurrente presentó Revisión Judicial ante el Tribunal de Apelaciones, en el caso KLRA202000102, el cual desestimó el recurso de revisión presentado. Por tanto, DACo resolvió que esa Resolución es final y firme, y constituye cosa juzgada.

Surge del expediente que, el único documento anejado al recurso presentado por el recurrente es la *Resolución* recurrida. En cuanto al alegato en oposición a la *Revisión Judicial* presentado por el recurrido, aparecen anejados los siguientes documentos: (1) la *Resolución* recurrida;[7] (2) *Orden* de DACo del 29 de enero de 2026;[8] (3) Correos electrónicos del recurrente del 30 de enero de 2026;[9] (4) Minuta de Vista del Caso Núm. BY2024CV06883 en el Tribunal de Primera Instancia, Sala de Bayamón.[10] Como se puede apreciar, no consta del expediente la *Querella* presentada por el recurrente, la contestación a la querella, las ordenes emitidas por DACo, así como todas las mociones presentadas por las partes. Además, surge de la *Resolución* recurrida y las determinaciones de hechos emitidas por DACo que hubo una vista administrativa. Esta tampoco consta en el expediente mediante transcripción o regrabación. Estos documentos son esenciales para poder conocer los fundamentos en los que DACo se amparó al emitir su decisión. Más aun, cuando el recurrente plantea que la actuación de DACo fue arbitraria y caprichosa.

Por tanto, no tenemos ante nosotros un apéndice que nos permita acreditar las gestiones que se hicieron ante el foro adjudicativo y de esa manera resolver los errores planteados por

---

[7] Véase, Entrada #5 "Alegato en Oposición de la Parte Recurrida", Anejo 1 de SUMAC TA.
[8] Íd., Anejo 2.
[9] Íd., Anejo 3
[10] Íd., Anejo 4.

el señor Román Rodríguez. Este no nos puso en posición para atender su reclamo, lo cual impide a este Tribunal ejercer su función revisora. El incumplimiento del recurrente con las reglas del Reglamento del Tribunal de Apelaciones relacionadas al presentar un apéndice completo nos obliga a honrar la deferencia que merece la decisión del DACo.

Conviene mencionar que, de una lectura a la *Resolución* recurrida, el DACo en sus Determinaciones de Hechos números 14, 15, 16 y 17 establecen que las actuaciones del recurrente durante el trámite de la querella de epígrafe evidencian un patrón de conducta temeraria y dilatoria que atenta contra la sana administración de la justicia administrativa y que perjudica el manejo eficiente de los escasos recursos de dicha agencia. Al respecto, DACo explicó que de los nueve (9) jueces administrativos de Adjudicaciones de la Oficina de San Juan, a cinco (5) de éstos el recurrente les hizo amenazas y manifestaciones libelosas, así como la solicitud infundada de inhibición.[11] La conducta del recurrente atenta contra el respeto y el decoro con las que deben conducirse las partes en un proceso administrativo, que es uno cuasi judicial y que no puede ser permitida.

Así pues, ante la presunción de corrección y regularidad que reviste a las determinaciones de hechos emitidas por las agencias y a la parte recurrente no presentar el expediente, lo que corresponde es confirmar la *Resolución* recurrida.

**IV.**

Por los fundamentos antes expuestos, se confirma la *Resolución* recurrida.

---

[11] Íd., Anejo 3 "Resolución" de SUMAC TA, pág.14.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.  La Juez Grana Martínez concurre sin opinión escrita.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
